COMMONWEALTH *vs.* HAROLD F. JORDAN.

Berkshire.    September 16, 1941. — October 28, 1941.

Present: FIELD, C.J., QUA, DOLAN, COX, & RONAN, JJ.

*Motor Vehicle,* Operation.    *Words,* "Operates."

A conviction for operating a motor vehicle while under the influence of intoxicating liquor in violation of § 24 (1) (a) of G. L. (Ter. Ed.) c. 90 in the amended form appearing in St. 1938, c. 145, was not warranted where it appeared that the vehicle was operated by an unlicensed person who was not under the influence of intoxicating liquor while the defendant, licensed and under such influence, was riding therein, even if it were assumed that the defendant would be responsible for the operator's acts under § 10, as amended by St. 1935, c. 219.

COMPLAINT, received and sworn to in the District Court of Northern Berkshire on May 5, 1941.

On appeal to the Superior Court, the case was heard by *Burns,* J., without a jury, upon an agreed statement of facts. The defendant was found guilty and alleged exceptions.

*E. K. McPeck,* for the defendant.

*H. R. Goewey,* Assistant District Attorney, for the Commonwealth.

QUA, J.    The defendant is charged with operating a motor vehicle while under the influence of intoxicating

liquor. G. L. (Ter. Ed.) c. 90, § 24 (1) (a), in the amended form appearing in St. 1938, c. 145. In the Superior Court the case was tried upon agreed facts, which were in substance these: On May 4, 1941, the defendant and a young woman were in Bennington, Vermont, where they had driven in the defendant's truck. At Bennington the defendant "drank to some extent" and "was drunk." While they were still in Vermont the young woman told the defendant that he was under the influence of liquor and that "she would drive the truck." She had driven a great many miles for several years but was not a licensed operator. She drove the truck, in which both were riding, into Massachusetts, where they were stopped by officers. The officers asked the young woman for her license. She stated that she had none, and that "the operator's license was in Jordan's name." The officers, then noticing that the defendant was drunk, arrested him, and this complaint followed.

The facts agreed fail to show that the defendant was guilty of the offence charged. They do not show that he operated the truck in this Commonwealth after he became drunk. An attempt by his unlicensed companion to operate under G. L. (Ter. Ed.) c. 90, § 10, as amended, on the strength of his presence as a licensed operator, is not equivalent to actual operation by the defendant himself, even though according to the provisions of that statute the defendant would be liable for a violation of law by her if he knowingly consented to her operating as an unlicensed person under the protection of his license. *Commonwealth v. Sabean,* 275 Mass. 546. See *Bourne v. Whitman,* 209 Mass. 155, 165, 166. The word "operates" in the sentence "Whoever . . . operates a motor vehicle while under the influence of intoxicating liquor" in § 24 (1) (a), upon which this prosecution is based, refers to the actual physical handling of the controls of the vehicle. It is not satisfied by merely consenting, while under the influence of intoxicating liquor, to stand as sponsor under § 10 for another who does all the actual operating, even if we make the assumption, scarcely warranted by the facts agreed, that the defendant did knowingly consent to stand in that

relation.  If we assume, without deciding, that the complaint, which alleges only that the defendant operated while under the influence of intoxicating liquor, could be stretched so far as to comprehend a charge based upon responsibility under § 10 for the actual operation by the young woman, and that the proof showed that such responsibility came into existence, still the defendant is not guilty of the offence complained of, since the young woman for whose conduct he would be responsible was not under the influence of intoxicating liquor.

It is argued that the Legislature could never have intended that a drunken licensed operator should serve as the source of authority under § 10 for operation by an unlicensed person.  But this is quite beside the point.  We are not here concerned with the question whether the young woman received protection for driving without a license. We are concerned only with the question whether the defendant operated while under the influence of intoxicating liquor.

There is nothing in *Commonwealth* v. *Witschi,* 301 Mass. 459, at variance with this decision.  The matter here decided was not presented in that case and was expressly withdrawn from consideration in the opinion at page 461.

*Exceptions sustained.*

*Judgment for the defendant.*