## FLEMING v. JARRETT.

### No. 1425.

Municipal Court of Appeals
District of Columbia.

Argued Jan. 4, 1954.

Decided Jan. 22, 1954.

Rehearing Denied March 10, 1954.

Franklin A. Higgs, Washington, D. C., for appellant.

No appearance for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

The trial court found for defendant in an action for breach of warranty in the sale of a rebuilt air conditioner. Plaintiff appeals, assigning twelve grounds of error.

One contention is that the trial judge demonstrated a prejudicial attitude toward the plaintiff. The claim of prejudice was based on two grounds: The first was

that the judge had refused to receive in evidence two letters written by plaintiff to defendant, and that such ruling was made on the court's own motion and not on objection of defendant, who appeared without counsel. The contention has no merit. The statement of evidence discloses that the judge first commented that the letters appeared to be self-serving in nature "and refused at the time to admit them into evidence"; but immediately afterwards, following a short discussion with counsel, the judge admitted the letters. Plaintiff could not possibly have been injured by the earlier tentative ruling. The second claim of prejudice relates to the judge's refusal to receive as evidence an affidavit tendered by plaintiff. The judge had, on his own motion, continued the case for one week to enable plaintiff to produce evidence as to the condition and value of the air conditioner, and whether its failure to operate was occasioned by a breach of warranty. When the trial was resumed a week later plaintiff did not produce further evidence, but presented an affidavit of an air conditioning repairman purporting to support plaintiff's claim. No reason was given for the failure to produce the repairman in person except that he "was unwilling to make personal appearance in court." Since the affidavit was a completely extra-judicial document and the maker thereof was unavailable for cross-examination, the judge was correct in refusing to consider it.

He was also correct in excluding hearsay evidence as to what plaintiff had learned concerning the condition of the machine in telephone conversations with other repairmen. Neither error nor bias can be attributed to the judge because he made the rulings we have described without waiting for objection by the defendant. We are aware that in the trial court many parties appear without counsel, and we think it entirely proper in such situations for a judge to test the admissibility and propriety of evidence and rule thereon *sua sponte*. So doing, he will be performing his proper function of assuring a fair and orderly trial, and a decision based on competent evidence.

Appellant says the trial court erred in continuing the case for further testimony.

This action was in the field of discretion, and we think it gave not the slightest ground for complaint. On the contrary, by indicating the additional information he felt was necessary and by giving plaintiff a further opportunity to produce it, the judge was acting with fairness and propriety.

We have considered the other errors assigned and find that they are either without merit or totally unsupported by the record.

Affirmed.