EVERT L. ULDRICH, PLAINTIFF IN ERROR, V. STATE OF NEBRASKA, DEFENDANT IN ERROR.
77 N. W. 2d 305

Filed June 1, 1956. No. 33973.

*Albert L. Detmer* and *Ernest A. Hubka,* for plaintiff in error.

*Clarence S. Beck,* Attorney General, and *Homer G. Hamilton,* for defendant in error.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

MESSMORE, J.

This is a criminal action originally instituted in the county court of Jefferson County where the State of Nebraska was plaintiff and Evert L. Uldrich was defendant. The complaint filed in said court set forth the charge as follows: Defendant did then and there unlawfully operate or was the person in actual physical control of a motor vehicle, in said county, while he the said defendant was under the influence of alcoholic liquor. In that court defendant was tried and convicted of the offense as charged against him. From this conviction he appealed to the district court. He was tried in the district court on November 14, 1955. The jury returned a verdict finding him guilty as charged. The defendant filed a motion for new trial. This motion was overruled on December 14, 1955. On the same day, he was sentenced to imprisonment in the county jail of Jefferson County for a period of 3 months, and to pay a fine of $100 and the costs of prosecution, and was prohibited to drive any motor vehicle for any purpose for a period of 6 months from the date of his final discharge from the county jail or the date of payment or satisfaction of such fine, whichever was the later. His operator's license was revoked for a like period. From this judgment and sentence, the defendant has come to this court by petition in error, but will be referred to hereinafter

as the defendant. The State of Nebraska is defendant in error, and will be referred to as the State.

The defendant sets forth several assignments of error. We will take up the assignments of error deemed necessary to determine this appeal separately.

The record discloses that Leo M. Sebek and his wife, on the evening of July 28, 1955, drove from Beatrice to Fairbury for the purpose of delivering a passenger to the Rock Island depot to catch a train. The train was late. They started home about 12:15 a. m., July 29, 1955, and when traveling west on Fifth Street they saw a car parked parallel in the center of the street. They passed this car and proceeded to Fifth and E Streets to turn north. The car that was parked followed them. This car later was determined to be the car owned and driven by the defendant. As both cars proceeded up a hill, the defendant's car, in endeavoring to pass the Sebek car, bumped the rear fender of the Sebek car, and in pulling into the lane ahead of the Sebek car, struck the left front fender. The defendant then stopped at a stop sign. His car started to roll backwards down the hill. Sebek backed his car so that the defendant's car would not strike it again. The defendant got out of his car and walked behind it as it rolled down the hill. The car made a circular turn to the west side of the street and stopped when it hit the curb. The defendant staggered over toward the Sebek car and inquired of Mr. Sebek as to why he struck the defendant's car. Sebek informed the defendant that he was the one whose car was hit. The police were called and came to the scene of the accident in a short period of time.

Sebek's wife corroborated his testimony in all particulars. It was the opinion of both that the defendant was in an intoxicated condition.

Three police officers who were at the scene of the accident testified that the defendant staggered; that his speech was blurred; that his tongue was thick; that the odor of alcohol was on his breath; that he was uncertain

as to what he was saying; and that he was in an intoxicated condition.

The defendant offered no evidence. The evidence that the defendant was driving a motor vehicle while under the influence of alcoholic liquor on the date in question stands uncontradicted.

The defendant predicates error on the trial court's failure to sustain the defendant's motion for dismissal of the plaintiff's complaint at the close of plaintiff's evidence and after the plaintiff rested, for the reason that the complaint failed to allege sufficient facts to constitute a criminal offense under the laws of Nebraska against the defendant.

The defendant directs attention to section 39-727, R. S. 1943, wherein such section provided in part as follows: "It shall be unlawful for any person to operate any motor vehicle while under the influence of alcoholic liquor or of any drug. Any person who shall operate any motor vehicle while under the influence of alcoholic liquor or of any drug shall be deemed guilty of a crime, and, upon conviction thereof, shall be punished as follows: * * *."

The defendant further states that after 1949, said section provided in part as follows: "It shall be unlawful for any person to operate or be in the actual physical control of any motor vehicle while under the influence of alcoholic liquor or of any drug. Any person who shall operate or be in the actual physical control of any motor vehicle while under the influence of alcoholic liquor or of any drug shall be deemed guilty of a crime and, upon conviction thereof, shall be punished as follows: * * *." See § 39-727, R. S. Supp., 1955.

The defendant argues that prior to 1949, the crime of operating a motor vehicle while under the influence of alcoholic liquor was a criminal offense in itself; that subsequent to 1949, by legislative action, section 39-727 read in part as follows: "It shall be unlawful for any person to * * * be in the actual physical control of any

motor vehicle while under the influence of alcoholic liquor or of any drug"; and that therefore two crimes are stated in said section of the statutes.

The defendant cites 61 C. J. S., Motor Vehicles, § 628, p. 721, as follows: "A statute making it an offense for one under the influence of intoxicating liquor to operate or be in actual physical control of any motor vehicle has been held to create two separate offenses, one for operating the vehicle and another for being in actual physical control of the vehicle. Actual physical control within such a statute has been held to have a broader meaning than an ability to stop the vehicle."

Two cases are referred to under the notes with reference to the above citation: State v. Wilgus, 31 Ohio O. 443, in which reference was made to a statute which provided in part as follows: "No person who is under the influence of intoxicating liquor * * * shall operate or be in actual physical control of any vehicle * * * within this state." The court said: "* * * the word 'or' appears between the words 'no person who is under the influence of intoxicating liquor shall operate' and the words 'be in actual physical control.' Words and Phrases define the word 'or' as follows: 'Word "or" used in the Statute imports choice between two alternatives, and as ordinarily used means one or the other of two but not both.' Page 63, Words and Phrases." The court also said that the word "or" used in the statute was disjunctive and not conjunctive, and that two separate and distinct offenses were defined by said section.

The case of State v. Webb, 78 Ariz. 8, 274 P. 2d 338, followed the afore-cited case. However, the question of including in the complaint both phases or parts of the statute connected with the disjunctive "or" was not involved or decided.

We are not in accord with the defendant's contention and believe the following to be applicable.

In Commonwealth v. Jordan, 310 Mass. 85, 37 N. E. 2d 123, 137 A. L. R. 474, it was held that the word "oper-

ates," as used in the statute relating to operation of a motor vehicle while the operator was under the influence of intoxicating liquor, referred to the actual physical handling of the controls of the vehicle while under the influence of intoxicating liquor.

In Phillips v. State, 154 Neb. 790, 49 N. W. 2d 698, this court, quoting from Smith v. R. F. Brodegaard & Co., 77 Ga. App. 661, 49 S. E. 2d 500, said: " 'The word "or", when used not to connect two distinct facts of different natures, but to characterize and include two or more phases of the same fact, attended with the same result, states but a single ground, and not the alternative.' 46 C. J., 1125 (4). This rule of construction has been recognized and applied by our courts in both criminal cases and civil cases." See, also, Wilson v. State, 153 Tex. Cr. 270, 219 S. W. 2d 86; Boyd v. Travelers Fire Ins. Co., 147 Neb. 237, 22 N. W. 2d 700; McMahon v. State, 70 Neb. 722, 97 N. W. 1035.

In Poppe v. State, 155 Neb. 527, 52 N. W. 2d 422, this court, in speaking with reference to section 39-727, R. S. Supp., 1949, which is now section 39-727, R. S. Supp., 1955, said: "It is noted that the statute defines one crime."

In the light of the authorities held to be applicable to the contention raised by the defendant, we conclude that the defendant's contention is without merit.

The defendant offered an instruction defining the word "intoxication." This instruction was based on the case of Freeburg v. State, 92 Neb. 346, 138 N. W. 143, Ann. Cas. 1913E 1101. The defendant contends the offered instruction should have been given by the trial court for the reason that there is an essential difference between "under the influence of intoxicating liquor" and "intoxication" because "intoxication" means a greater degree of impairment of the faculties than "under the influence of intoxicating liquor."

The trial court, on its own motion, gave instruction No. 8 which reads as follows: "You are instructed that

a person is 'under the influence of alcoholic liquor' if such person is under the influence of intoxicating liquor to such an extent as to have lost to an appreciable degree the normal control of his body or mental faculties."

In Freeburg v. State, *supra,* it is said: " 'The word "intoxicated" is synonymous with "drunk," and in the Standard Dictionary "drunk" is defined as under the influence of intoxicating liquor to such an extent as to have lost the normal control of one's bodily and mental faculties, * * *.' "

In 61 C. J. S., Motor Vehicles, § 625, p. 718, it is said: "The phrase 'under the influence of liquor' as used in the statutes under consideration is a very elastic term and has been construed as being substantially synonymous with such words as 'intoxicated,' 'intoxication,' or 'drunkenness,' and with the terms 'in an intoxicated condition' and 'in a drunken or partly drunken condition,' * * *."

We find no prejudicial error in the giving of instruction No. 8.

The defendant predicates error on the trial court giving instruction No. 7. This instruction sets forth the elements of the offense charged which the State must prove byond a reasonable doubt. The instruction does recite, in the last paragraph thereof, the following: "On the other hand, if you have a reasonable doubt as to the truth of all or any of said propositions, or if you find that the State has failed to establish said propositions or any of them by evidence beyond a reasonable doubt, then in that case it would be your duty to find the defendant not guilty of said offense." The defendant argues that the question the jury had to decide was, did the State prove beyond a reasonable doubt that the defendant committed the crime as charged?

The defendant cites Heldt v. State, 20 Neb. 492, 30 N. W. 626, 57 Am. R. 835, wherein the court held that in a criminal case on a plea of not guilty, the jury to convict must find from the evidence beyond a reason-

able doubt that the defendant is guilty, and the court has no right to say which allegations are uncontradicted.

The defendant argues that there is no rule that requires the jury to have a reasonable doubt as to believing the truth of all or any of said propositions as given in instruction No. 7 by the trial court.

Instruction No. 5 is a complete instruction defining reasonable doubt. No objection was made to the giving of instruction No. 5. It is very similar to the instruction on this subject approved in Owens v. State, 152 Neb. 841, 43 N. W. 2d 168. Where instructions, considered as a whole, state the law fully and correctly, error will not be predicated therein merely because a separate instruction, considered by itself, might be subject to criticism. See, Kirkendall v. State, 152 Neb. 691, 42 N. W. 2d 374; Dwoskin v. State, 161 Neb. 793, 74 N. W. 2d 847.

The defendant contends that the sentence was excessive. The evidence discloses that the defendant was in a highly intoxicated condition. Competent police officers, two with many years of experience, had observed many individuals in this condition. While the defendant states that there was not much traffic, the fact remains that the defendant was driving his car within the city limits of a large town and on a street which was used to arrive at a main highway. He paid no attention to his car after he stopped at the stop sign, permitted it to roll downhill on the wrong side of the street, staggered along behind it, left it, and went over to talk to Sebek. In construing this law, we cannot ignore its manifest purpose. Each year, as a result of traffic accidents upon Nebraska highways, persons are killed, maimed, and crippled, and thousands of dollars worth of property destroyed. A significant portion of this appalling and tragic loss is attributable to the drunken driver, and the seriousness of operating a motor vehicle while under the influence of intoxicating liquor cannot be ignored or overlooked. The Legisla-

ture considered it necessary to increase the penalties for this offense in 1953. The defendant had ample opportunity to explain his conduct during the trial of this case and to furnish any extenuating circumstances favorable to him, but he elected not to be subjected to questioning. There is nothing in the record to show an abuse of discretion exercised by the trial court, and the sentence is within the limits prescribed by law. The applicable rule is: "Where the punishment of an offense created by statute is left to the discretion of a court, to be exercised within certain prescribed limits, a sentence imposed within such limits will not be disturbed unless there appears to be an abuse of such discretion." Salyers v. State, 159 Neb. 235, 66 N. W. 2d 576. We find no reason or justification for interfering with the sentence imposed. The defendant's contention is without merit.

Other assignments of error contended for by the defendant are without merit and need not be discussed.

Finding no error in the record prejudicial to the defendant, we conclude the judgment should be and is hereby affirmed.

AFFIRMED.