CLYDE WAITE, PLAINTIFF IN ERROR, v. STATE OF NEBRASKA, DEFENDANT IN ERROR.

98 N. W. 2d 688

Filed October 23, 1959. No. 34576.

*Wellensiek & Morrissey,* for plaintiff in error.

*Clarence S. Beck,* Attorney General, and *Richard H. Williams,* for defendant in error.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

By information plaintiff in error, hereinafter called the defendant, was charged in one count in that he did "unlawfully operate or was the person in actual physical control of a motor vehicle * * * while * * * under the influence of alcoholic liquor * * *." In a second count it was charged that the offense complained of in the first count was a third offense.

The defendant, on a plea of not guilty, was tried to a jury on the issues presented. A verdict of guilty was returned. As a result of a hearing before the court the allegations of count II were found to be true. Defendant was sentenced to serve a term in the reformatory and forbidden to drive a motor vehicle, as provided by statute.

Defendant brings the cause here on error.

We affirm the judgment of the trial court.

Defendant makes 22 assignments of error here. Pursuant to the provisions of rule 8a2(4) we limit our decision to a consideration of errors assigned and discussed.

The first assignment of error to be so considered is that the State was permitted to endorse the names of witnesses on the information after the information was filed. The State knew the names of one group of witnesses when the information was filed.

The information was filed April 26, 1958. No names of witnesses were endorsed on it at that time. Defendant entered a plea of not guilty on July 17, 1958, and the case was then set for trial on October 13, 1958.

On October 9, 1958, the State asked leave to endorse the names of witnesses on the information. Leave

was granted over the objection of the defendant. The court, on defendant's motion, granted a continuance to November 3, 1958. On October 20, 1958, by agreement of parties the case was set for trial, and trial was had beginning October 27, 1958.

Defendant relies on the provisions of section 29-1602, R. R. S. 1943, which provides: "All informations shall be filed in the court having jurisdiction of the offense specified therein, by the prosecuting attorney of the proper county as informant. He shall subscribe his name thereto and endorse thereon the names of the witnesses known to him at the time of filing the same; and at such time thereafter, as the court or a judge thereof in vacation, in its or his discretion, may prescribe, he shall endorse thereon the names of such other witnesses as shall then be known to him."

The prosecuting attorney did not comply with the provisions of the section. It was error. The question is: Was it prejudicial error?

Defendant relies on, among others, our decision in Sweenie v. State, 59 Neb. 269, 80 N. W. 815. He points out that the statute was thereafter changed. In our decision in McCartney v. State, 129 Neb. 716, 262 N. W. 679, we pointed out that prejudice will not be presumed but must be shown in this type of a case.

Finally we come to Svehla v. State, 168 Neb. 553, 96 N. W. 2d 649, where there were no names endorsed on the information when filed. Later the State was permitted to endorse thereon the names of all the witnesses. The trial was had 2½ weeks later. It was held that prejudicial error was not shown. No claim of prejudice is made here. The defendant had the period from October 9 to November 3, 1958, to prepare for trial after the names of the witnesses were endorsed. He consented to trial on October 27, 1958. The result of the holding of the cases above cited is: A trial court may, in the exercise of its discretion, permit the names of witnesses to be endorsed upon an information before or

after the trial has begun when there is no showing of prejudice to the rights of the defendant.

No prejudice appearing here, the assignment is not sustained.

Defendant next assigns as prejudicial error the admission of the testimony of two witnesses, who gave it as their opinion that the defendant was under the influence of intoxicating liquor. He objects that there was no proper foundation.

We are required by a later assignment to state the evidence as to defendant and his car somewhat in detail. It is sufficient, as to this assignment, to state that the defendant was observed by three witnesses consecutively in three periods of time totaling about an hour and a half.

The first witness was a game warden who came upon the defendant sitting in a car partly off the highway. This witness testified that he smelled intoxicating liquor on the defendant, observed his walk, his talk, and his appearance generally, and gave it as his opinion that the defendant was under the influence of intoxicating liquor. The defendant does not claim error in the admission of that testimony.

There is evidence that defendant admitted the drinking of beer before starting the trip when his car was stopped on the highway. He testified that after his car was stopped he then began to drink and consumed about a third of a pint of whiskey in a period fixed by him at 15 or 20 minutes, which was a period prior to his observation by the game warden.

At about the close of the first period of time defendant had a drink of whiskey. He had had a bottle on his person. The game warden testified that defendant had a "swallow" only, before the bottle was taken away from him. Defendant testified that he drank a third of a pint of whiskey at that time. Next in sequence he was seen and observed by a highway patrolman, and still later by the sheriff. Both officers testified as to

experience and their observations of defendant. Each gave it as his opinion that defendant was under the influence of intoxicating liquor when he observed him.

Defendant argues here that having drunk liquor intermediate the observations of the first and second witnesses, there is no foundation for the testimony of the last two witnesses. The witnesses were testifying as to the fact of intoxication when they observed defendant. The witnesses were not asked, nor did they purport to testify, as to when the defendant drank the liquor that caused the intoxication.

We see no merit in the assignment.

Defendant's next assignment goes to the sufficiency of the evidence to sustain a conviction.

The State's evidence was that when the game warden came upon the defendant he was sitting in the driver's seat, the motor was running, and the gears were in reverse position. The car had three wheels off the pavement (black-top). The left rear wheel was on the pavement. It was "steaming." The pavement was eroded under the wheel and debris was in front of and behind the wheel. The shoulder of the road was soft. Defendant told the game warden that he was stalled and wanted to be pulled out.

Defendant's testimony was that he had not driven the car, that a "fellow" was driving it, and that when they became stuck this party had gone to get help and never returned. Later the "fellow" was a woman, and later a woman and 5-year-old boy. He did not produce the person and refused to name him or her, whichever it might have been. The question of his credibility was for the jury, and obviously it did not believe him.

Defendant argues here that when he could not move the vehicle because it was stalled, he could not be guilty of operating a motor vehicle or being the person in actual physical control of it.

This contention is answered in Uldrich v. State, 162 Neb. 746, 77 N. W. 2d 305. There we held that section

39-727, R. S. Supp., 1957, defines one crime. We further approved as applicable the holding in Commonwealth v. Jordan, 310 Mass. 85, 37 N. E. 2d 123, 137 A. L. R. 474. That rule applied to our statute is: The word operate as used in section 39-727, R. S. Supp., 1957, relates to the actual physical handling of the controls of the vehicle by a person while under the influence of intoxicating liquor.

The evidence here is ample to sustain a conviction under that definition of the act. The assignment is not sustained.

After the verdict of the jury had been returned the court proceeded to hear the issues presented by count II. The court obviously was following the procedures prescribed in Haffke v. State, 149 Neb. 83, 30 N. W. 2d 462. Defendant then objected to proceeding at that time because he had not had the notice required by the rule in Haffke v. State, *supra.* It appears that the county attorney had understood that notice had been waived. The court promptly ordered a continuance so that the notice could be given.

Defendant then stipulated the waiver of notice and consented to an immediate hearing. The State then offered the county court records showing the conviction of a Clyde Waite for violation of the act here involved. Defendant objected as to foundation evidently requiring proof of identity. It appears that in the prosecution there involved the defendant's present counsel was county attorney, and the present county attorney was defendant's counsel. The State called defendant's counsel as a witness. He objected to testifying against his own client. Defendant refused to stipulate as to identity.

The court then, according to the bill of exceptions, on its own motion ordered a continuance to enable the State to produce the testimony of the judge who tried the case. Defendant objected to the continuance and when the matter was heard thereafter objected to any

proceedings after the continuance. We are cognizant that the journal shows that the county attorney requested the continuance.

The rule is: While a recital in a journal entry appearing in the transcript is presumptively true, an affirmative showing in the bill of exceptions that it is not true prevails over the presumption. Kehl v. Omaha Nat. Bank, 126 Neb. 695, 254 N. W. 397.

We have here, then, a case where the trial court, for the obvious purpose of preventing the miscarriage of justice, ordered a continuance on his own motion. The county attorney did not invoke the provisions of section 25-1148, R. R. S. 1943. Defendant did not invoke its provisions. He objected to a continuance as such. He does not show prejudice. The court was obviously proceeding in the exercise of a sound judicial discretion.

The rule is that a trial court may in a proper case order a continuance on its own motion. See, 17 C. J. S., Continuances, § 10, p. 196; 12 Am. Jur., Continuances, § 4, p. 450; Fleming v. Jarrett (D.C.), 102 A. 2d 303; State ex rel. Clark v. Bailey, 99 Mont. 484, 44 P. 2d 740. This was a proper case in which to order a continuance.

There is no merit in the assignment.

The judgment of the trial court is affirmed.

AFFIRMED.