STATE OF NEBRASKA, APPELLEE, v. ROBERT D. NIELSEN, APPELLANT.

260 N. W. 2d 321

Filed December 14, 1977.   No. 41339.

Anthony S. Troia, for appellant.

Paul L. Douglas, Attorney General, Gary P. Bucchino, Richard M. Jones, and James E. Schaefer, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

WHITE, C. J.

Defendant was charged with operating a motor vehicle while under the influence of intoxicating liquor, second offense, in violation of section 39-669.07, R. R. S. 1943. Defendant's case was originally set for trial on March 23, 1976, at the request of defendant's attorney. On that date, at the request of the State, the matter was reset for trial on April 30, 1976. On April 29, 1976, defendant through his attorney, requested a new trial date. This request was granted and trial was set for June 22, 1976.

On June 8, 1976, defendant filed a motion for a trial by jury. On June 17, 1976, the municipal court, Judge Elizabeth Pittman, granted the motion. On June 21, 1976, the municipal court, Judge Robert Vondrasek, overruled the order of Judge Pittman granting defendant a jury trial.

On June 30, 1976, defendant was tried to the court, without a jury, and was found guilty of the offense he was charged with. Defendant was sentenced to a term of 90 days in the county jail, ordered to pay a fine of $300 plus court costs, and his driver's license was suspended for a period of 1 year. Defendant appealed his conviction and sentence to the District Court where it was affirmed. Defendant filed a motion for a new trial, which was overruled, and now appeals. We affirm the judgment and sentence of the District Court.

Section 39-669.07, R. R. S. 1943, provides that: "It shall be unlawful for any person *to operate or be in the actual physical control* of any motor vehicle while under the influence of alcoholic liquor * * *." (Emphasis supplied.) Defendant's first contention on

appeal is that the trial court erred in finding that he was in actual physical control and in operation of his motor vehicle at the time he was arrested.

In State v. Dubany, 184 Neb. 337, 167 N. W. 2d 556 (1969), a similar contention was raised. It was held there that the jury had properly found that the defendant was operating a motor vehicle and was in actual physical control of it where the evidence showed that the defendant was behind the wheel, the gears of the vehicle were in operation, the wheels of the vehicle were turning, and the vehicle jumping up and down, backwards, and forwards, in a ditch, but not actually going anywhere.

In Waite v. State, 169 Neb. 113, 98 N. W. 2d 688 (1959), the evidence showed that the defendant was sitting in the driver's seat, the motor was running, and the gears were in reverse position. The car was stalled with three wheels off the pavement and on a soft shoulder. Defendant's contention that he was not operating the vehicle or in actual physical control of it while intoxicated was held to be without merit.

In Uldrich v. State, 162 Neb. 746, 77 N. W. 2d 305 (1956), we stated: "In Commonwealth v. Jordan, 310 Mass. 85, 37 N. E. 2d 123, 137 A. L. R. 474, it was held that the word 'operates,' as used in the statute relating to operation of a motor vehicle while the operator was under the influence of intoxicating liquor, referred to the actual physical handling of the controls while under the influence of intoxicating liquor." See, also, State v. Harris, 295 Minn. 38, 202 N. W. 2d 878 (1972); People v. Chamberlain, 5 Ill. App. 3d 235, 282 N. E. 2d 784 (1972); Nicolls v. Commonwealth, 212 Va. 257, 184 S. E. 2d 9 (1971).

On January 30, 1976, officers Prokupek and Vantilburg observed a vehicle at the corner of Eighteenth and California Streets in Omaha, Nebraska. The vehicle was stopped at a stop sign. Upon approaching the vehicle the officers observed the defendant

asleep in the driver's seat. The engine was running and the car was in driving gear. The defendant had his foot on the brake and his hands on the steering wheel. When questioned at the police station following his arrest, defendant admitted driving his car. There was ample evidence for the trial court to have found that the defendant was operating or in actual physical control of a motor vehicle while intoxicated. The defendant's first contention is devoid of merit.

Defendant's next contention on appeal is that the overruling of his motion for a jury trial by municipal court Judge Vondrasek was error.

Initially we note that defendant was not entitled, as a constitutional matter, to a jury trial since the maximum penalty of imprisonment for second offense drunken driving is only 3 months. See, Codispoti v. Pennsylvania, 418 U. S. 506, 94 S. Ct. 2687, 41 L. Ed. 2d 912 (1974); Duncan v. Louisiana, 391 U. S. 145, 88 S. Ct. 1444, 20 L. Ed. 2d 491 (1968); State v. Young, 194 Neb. 544, 234 N. W. 2d 196 (1975).

Section 24-536, R. R. S. 1943, provides in relevant part that: "Either party to any case in county or municipal court, except criminal cases arising under city or village ordinances and traffic infractions, and except any matter arising under the provisions of the Nebraska Probate Code, may demand a trial by jury."

Pursuant to provisions of section 26-1,202, R. R. S. 1943, the municipal court of Omaha, Nebraska, has adopted the municipal court Rules of Practice. Rule 5 (b) (1) of these rules provides: "Parties desiring jury trials in criminal cases must request the same in writing at the time of arraignment or no later than 14 days prior to the time the case has been set for trial by the court."

Defendant's trial was originally set for March 23, 1976. At the request of the State it was reset for trial on April 30, 1976. On April 29, 1976, defendant sought

a new trial date. His request was granted and trial was set for June 22, 1976. On June 8, 1976, defendant filed a motion for a jury trial. This motion was granted on June 17, 1976, by municipal court Judge Elizabeth Pittman.

On June 21, 1976, the municipal court, Judge Robert Vondrasek, on its own motion overruled the granting of defendant's motion for a jury trial, finding that the June 17, 1976, order was "entered by mistake and inadvertence contrary to the laws of the State of Nebraska and the Rules of Practice before this Court." The court went on to explain, "That the Motion For Trial By Jury filed June 8, 1976 was not timely made, the request properly to have been made ten (10) (sic) days prior to the original setting of trial, March 23, 1976 and in no event later than ten (10) (sic) days prior to the April 30, 1976 trial setting date."

The municipal court was without question possessed of power to correct its own erroneous ruling. Defendant had no vested rights in the erroneous ruling. The ruling of the court on June 21, 1976, was correct. Failure to file a timely request for a jury trial constituted a waiver by the defendant of his statutory right to a jury trial. See, State v. Moreno, 193 Neb. 351, 227 N. W. 2d 398 (1975); Peterson v. State, 157 Neb. 618, 61 N. W. 2d 263 (1953). Defendant's contention is without merit.

The judgment of the District Court is correct and is affirmed.

AFFIRMED.