STATE OF NEBRASKA, APPELLEE, v. JOHN S. BARRETT, APPELLANT.

264 N. W. 2d 434

Filed April 5, 1978. No. 41654.

Robert C. Sigler, for appellant.

Paul L. Douglas, Attorney General, Gary P. Bucchino, Omaha City Prosecutor, and Richard M. Jones, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

SPENCER, J.

Defendant was convicted in municipal court for operating a motor vehicle during a period of suspension or revocation. He prosecuted an appeal to the District Court where a judgment of conviction was affirmed. On appeal to this court he alleges the trial court committed reversible error in denying him a jury trial, and that the evidence was insufficient to sustain his conviction. The jury trial was properly denied. We affirm.

Defendant was arraigned on the charge in the Omaha municipal court on August 25, 1976. He entered a plea of not guilty and trial was set for September 17, 1976. He filed a motion requesting a jury trial on September 7, 1976. This motion was overruled on September 8, 1976, as being untimely filed.

Section 24-536, R. R. S. 1943, provides: "Either party to any case in county or municipal court, except criminal cases arising under city or village ordinances and traffic infractions, and except any matter arising under the provisions of the Nebraska Probate Code, may demand a trial by jury. In civil cases, the demand must be in writing and must be filed on or before answer day. All provisions of law relating to juries in the district courts shall apply to juries in the county and municipal courts and the district court jury list shall be used, except that jur-

ies in the county and municipal courts shall consist of six persons."

The above section provides only for the filing of a written demand in a civil case. It is silent on the subject of when a demand for a jury trial must be made in a misdemeanor case.

From State v. Nielsen, 199 Neb. 597, 260 N. W. 2d 321, filed December 14, 1977, we know the municipal court has adopted a court rule to correct this void. That case was predicated on a rule of the municipal court which provides: "Parties desiring jury trials in criminal cases must request the same in writing at the time of arraignment or no later than 14 days prior to the time the case has been set for trial by the court."

The order of the municipal court denying a motion for a jury trial in this instance is in relevant part as follows: "This matter coming on for hearing on the Court's own motion after discovering that a Request for Jury Trial had been filed herein, and the Court being fully advised in the premises, finds as follows:

"That the Request For Jury Trial was filed on September 7, 1976 and that answer day had passed and that said request for jury trial was not timely filed."

The request for jury trial was not timely filed, not because answer day had passed, but because it was filed less than 14 days before trial. This record does not contain a copy of the municipal court rule. In the past this court has not taken judicial notice of rules of practice of other courts unless they were incorporated in the bill of exceptions. Simmons v. Murray, 189 Neb. 695, 204 N. W. 2d 800 (1973).

The municipal judge who entered the order finding the request for a jury trial was made out of time should have included the court rule in the record, as was done in Nielsen. However, the appellant is an attorney with many years of practice in the municipal court, and he should have been familiar with the

reason for the denial of his request. Because this court rule has been so recently before us, we take judicial notice of it and affirm the ruling thereon. However, this is subject to the right of the appellant to assert and file a showing on motion for rehearing that the municipal court rule involved in this case is significantly different than the rule in State v. Nielsen, *supra*, of which we take judicial notice.

We have today adopted a court rule directing all District Court, Separate Juvenile Court, County Court, Municipal Court, and Workmen's Compensation Court judges to file and to maintain on file with the Clerk of the Supreme Court a copy of the rules in force in that District, Separate Juvenile, County, Municipal, and Workmen's Compensation Courts. Since these rules will be filed pursuant to our order and as a part of the official record of the Clerk of the Supreme Court, we will hereafter take judicial notice of them.

Defendant's second assignment of error is patently frivolous. Two witnesses produced by the State swore under oath that they saw defendant driving a motor vehicle at the time and place alleged. To rebut this testimony defendant produced five witnesses, all of whom when asked the specific question if defendant was operating an automobile on July 26, 1976, said respectively: (1) "I wouldn't know for sure." (2) "I don't know for sure." (3) "No, I don't." (4) "I can't even remember what happened this July, let alone last July. No I wouldn't know at all." The other witness answered, "I don't know that he was."

When the defendant was asked by his own counsel as to whether or not he was driving a motor vehicle on July 26, 1976, he answered, "Not that I can remember. I can't remember exactly where I was on that particular day." There is no question, the evidence was sufficient to sustain the conviction.

The judgment of the trial court is affirmed.

AFFIRMED.