PEOPLE *v.* LEE.

1. INDICTMENT AND INFORMATION—MOTION TO QUASH—SUFFICIENCY OF EVIDENCE TO PROVE CORPUS DELICTI.

Where a motion to quash the information charging defendant with arson because the evidence before the examining magistrate was insufficient to prove the *corpus delicti* was made before the jury was sworn, the Supreme

On proof of *corpus delicti* in arson, see notes in 68 L. R. A. 33; 16 L. R. A. (N. S.) 285; L. R. A. 1916D, 1299.

Court will inquire into the evidence before the justice and pass upon the motion.[1]

2. ARSON—CORPUS DELICTI NOT SHOWN BY FACT THAT BUILDING BURNED—CRIMINAL RESPONSIBILITY MUST BE SHOWN.

That a building has been burned does not show the *corpus delicti* of arson, but it must also appear that the burning was by the wilful act of some person criminally responsible, and not as the result of natural or accidental causes.[2]

3. CRIMINAL LAW—CORPUS DELICTI NOT ESTABLISHED BY CONFESSION ALONE.

The *corpus delicti* cannot be established by the confession of the accused alone.[3]

4. SAME—ARSON.

Where the only evidence before the examining magistrate connecting defendant with the burning of a building was his confession that he wrote a card and placed it in the mail box to divert suspicion from himself, his counsel's motion to quash the information charging arson, made before the jury was sworn, should have been granted.[4]

Exceptions before judgment from Jackson. Motion to quash denied by Williams (Benjamin), J. Case tried before Parkinson (James A.), J. Submitted April 16, 1925. (Docket No. 117.) Decided July 16, 1925.

Ralph A. Lee was convicted of arson. Reversed, and defendant discharged.

*Frank L. Blackman*, for appellant.

*Andrew B. Dougherty*, Attorney General, *O. L. Smith*, Assistant Attorney General, *John Simpson*, Prosecuting Attorney, and *Harry E. Barnard*, Assistant Prosecuting Attorney, for the people.

BIRD, J. Defendant was convicted of burning a farm barn and its contents in the county of Jackson with intent to defraud the insurer, in violation of sec-

[1]Indictments and Informations, 31 C. J. pp. 799, § 371 (Anno), 804, § 379 (Anno); [2]Arson, 5 C. J. p. 580, § 65; [3]Criminal Law, 16 C. J. p. 772, § 1579; [4]Id., 16 C. J. p. 772, § 1579; Indictments and Informations, 31 C. J. p. 804, § 379 (Anno).

tion 15289, 3 Comp. Laws 1915, and the case has been removed to this court on exceptions before sentence. Defendant was arrested and given a preliminary examination before a justice of the peace.    At the conclusion of the proofs, defendant's counsel made the following motion, which was denied:

"In behalf of the respondent, Ralph Lee, I move that the complaint and warrant in this case be dismissed and the respondent discharged for the reason there is no evidence in this cause to prove the *corpus delicti* of the crime of arson, or to rebut the presumption that the fire which consumed the barn was the result of accident or some providential cause."

Afterwards, and before trial, defendant moved to quash the information on the same grounds with the additional reasons:

"(4) Because there was no proof made before the examining magistrate to justify a finding upon the part of such magistrate that there was reasonable grounds to believe that the respondent herein may have committed any of the offenses so charged against him.

"(5) Because the evidence introduced at the examination in this cause before the examining magistrate does not make out a *prima facie* case of guilt.

"(6) Because the evidence introduced at the examination in this cause before the examining magistrate does not show that the offense of arson was committed by respondent or any other person."

This motion was denied and defendant assigns error thereon.

The point is made by the prosecutor that no motion was made by defendant at the close of the people's case, or at any other time, for a directed verdict and, therefore, the question cannot now be raised.    We have held that where such a motion was timely made before the jury is sworn, the court will inquire into the evidence before the justice and pass upon the

231—Mich.—39.

motion.  *Barnard* v. *Judge of Superior Court of Grand Rapids,* 199 Mich. 227.

In view of this assignment we have examined the evidence taken before the justice and find that the showing made by the prosecutor was, in substance, that defendant's mother owned a farm of 200 acres in Summit township, upon which she and defendant resided.  That the barn, 30 x 70, with basement, was insured for $2,000, and ran to the mother.  That the contents were insured for $2,000, the policy running to mother and son; that application was made to the insurance company a short time before the fire for increased insurance on the barn, but the application was refused.  That the barn was filled with hay, and contained between 70 and 100 tons, and that its value was in the neighborhood of $20 per ton.  That there were oats and other personal property of the value of $1,000.  It was further shown on the morning of September 20, 1923, that the hired man, John Smith, arose, went to the barn and did the chores.  That defendant did not arise until breakfast.  ` After breakfast both went to the basement of the barn.  They secured baskets and started to pick tomatoes.  Defendant was attending to a call of nature when Smith started, and did not reach the tomato patch until about three minutes after Smith did.  The patch was between 16 and 18 rods distant from the barn.  They filled their baskets, and as they started for the barn discovered it was on fire in the peak of the roof at the east end.  They hurried to the barn and released five horses which were kept in the basement, and rescued what property they could.  The barn and contents were entirely consumed.  Toward evening the hired man went to the mail box and found a card therein upon which was partly written and partly printed these words:  "We cleaned you up this time."  One witness testified to seeing defendant go to the mail box

while he was at the fire and he appeared to have something white in his hand.     He did not see him deposit anything therein.     Subsequently the fire marshal had an investigation at a cottage near Vandercook lake, a short distance from the farm, and defendant was present, having been subpœnaed.     They remained in session from early evening until early morning, and during that time it is shown that defendant admitted he wrote the card and placed it in the box to divert suspicion from himself.     Other witnesses talked with defendant about the cause of the fire, but to all of them he stated he did not know the cause of the fire. To one witness he said he was relieving himself in the stable and lit a cigar and threw the match away and it may have caused it.     The stables were in the west end of the basement.     The fire first showed itself in the peak in the east end.     There was a hay chute which went up midway in the barn.     It appeared that there was no way to get up on the mow except by a rope.     The testimony concerning the card and defendant's admission came in under objection.

The defendant's counsel makes the point that there was no proof of the *corpus delicti*.     In other words, that there was no proof that the barn was intentionally and wilfully set on fire, and further, that there was no proof making it probable that defendant was connected with any offense of that kind.     The rule laid down in Ruling Case Law is, we think, the universal rule:

"That proof of the single fact that a building has been burned does not show the *corpus delicti* or arson, but it must also appear that the burning was by the wilful act of some person criminally responsible, and not as the result of natural or accidental causes, for when a house burned, and nothing appears but that fact, the law rather implies that the fire was the result of accident or some providential cause than of criminal design.     The main fact which is to be proven in the first instance is the burning of the building.

\* \* \* When the fact of the burning is established, then it is necessary to show how the act was done, and by whom." 2 R. C. L. p. 514.

"The *corpus delicti* in arson is not merely the burning of the house, but that it was burned by the wilful act of some person criminally responsible for his acts and not by natural and accidental causes." *State* v. *Jones*, 106 Mo. 302 (17 S. W. 366).

On a trial for arson if nothing appears but the mere fact that the house was consumed by fire, the presumption is that the fire was the result of accident or of some providential cause. *Phillips* v. *State*, 29 Ga. 105.

Under these rules it was necessary for the prosecutor to show that the barn burned.  This, of course, was shown.  It was likewise necessary for him to show, or at least make, a *prima facie* case that the fire was intentionally or wilfully set.  We are satisfied from a review of the evidence that the prosecutor failed in this regard unless it can be said that defendant's confession with reference to the card establishes it.

It appears to be well settled that the *corpus delicti* cannot be established by the confession of the accused alone.  In *People* v. *Lane*, 49 Mich. 340, the information charged defendant with murder.  The *corpus delicti* was established by the admission of the accused. This court said in dismissing the proceeding:

"The respondent was convicted of an intent to murder one Allen by administering morphine to him. The evidence that any such offense was committed was the respondent's admission.  The medical and other evidence in the case tended very strongly to show that the admission was unfounded.  The defendant on the trial explained his story by saying that he invented it to get up a sensation by way of advertisement for a firm of sensational doctors.  The explanation was extraordinary, but on the evidence it is more credible than the confession on which respondent was convicted.

"An unsupported confession should not be received as sufficient evidence of the *corpus delicti*. *People* v. *Hennessy*, 15 Wend. (N. Y.) 147; *Stringfellow* v. *State*, 26 Miss. 157 (59 Am. Dec. 247); *State* v. *Guild*, 5 Halst. (N. J. Law) 163 (18 Am. Dec. 404). The respondent on the case submitted to the jury was entitled to an acquittal, and the conviction must be set aside and a discharge ordered."

This rule was announced in the very early case of *People* v. *Lambert*, 5 Mich. 365 (72 Am. Dec. 49), where it is considered at some length. The recent case of *People* v. *Kirby*, 223 Mich. 440, affirms the rule. In this case the question is so thoroughly and recently discussed that it will be unnecessary to repeat what was there said.

If the admission, which was in the nature of a confession, be eliminated from the testimony before the justice we think what was left was not sufficient to establish probable cause that the crime of arson had been committed by anyone. Aside from the confession, there is not sufficient to connect defendant with the offense. Of course there was the fact of opportunity, but that fact nearly always exists where a farmer's buildings are destroyed by fire. We are of the opinion that the motion to quash should have been granted for the reasons indicated.

The judgment of conviction will be reversed and the defendant discharged. The motion heretofore made in this cause by the people to dismiss the appeal on the ground that the printed record was not filed within the rule time will be denied, without costs.

McDONALD, C. J., and MOORE, FELLOWS, and WIEST, JJ., concurred with BIRD, J.

SHARPE, J. (*concurring*). If we eliminate the statements made by the defendant from the proof submitted to the justice, it is apparent that there was no sufficient evidence to show that the barn was set on fire by any

person.   In *People* v. *Kirby*, 223 Mich. 440, the majority of the court held that admissions or confessions of the accused, although corroborated by other facts and circumstances, could not be used to establish the *corpus delicti.*    If we apply the rule of law there stated, and the majority of my Brethren think it should be applied, to the proof submitted to the justice in this case, I can but concur in the conclusion reached by Mr. Justice BIRD.

CLARK and STEERE, JJ., concurred with SHARPE, J.