HANCOCK *v.* STATE.

4244                                    161 S. W. 2d 198

Opinion delivered April 27, 1942.

*Claude F. Cooper* and *T. J. Crowder,* for appellant.

*Jack Holt,* Attorney General, and *Jno. P. Streepey,* Assistant Attorney General, for appellee.

GREENHAW, J. Appellant, a negro, was charged by information with the crime of arson, it being alleged that on June 18, 1941, he unlawfully, willfully and feloniously set fire to and burned a certain barn located on the G. L. Salmon estate, with the intent of burning and destroying the same. He entered a plea of not guilty, and was convicted and sentenced to two years imprisonment, from which is this appeal.

The building which burned was a cow barn, and contained a large amount of corn, all or most of which was destroyed along with the barn. Appellant and a number of other colored people lived near the scene of the burning. There were a number of other buildings, such as a large mule barn, hay barn and shop, near the cow barn. The fire was discovered between daylight and sunup, after the hostler had milked cows in the building which burned.

There was no evidence whatever that appellant had been in the barn before the fire was discovered. As far as the record reveals, the only person who had been in the barn that morning was the hostler. Only one witness testified that he saw appellant before the fire was discovered. George Harris, colored, testified that he saw him in a lane a short distance from the cow barn, but did not see him enter or leave the barn. Appellant and other witnesses who lived in the house with him testified that he was at the house at the time the alarm was given, and they thereafter went to the fire.

There was no evidence that the barn burned as a result of arson, and evidence was wholly lacking to show the *corpus delicti.* This court has repeatedly held that

there is no presumption that an unexplained fire is of incendiary origin. In the case of *Johnson* v. *State,* 198 Ark. 871, 131 S. W. 2d 934, this court said:

"There is no presumption that an unexplained fire is of incendiary origin. On the contrary, the presumption is that such fire was caused by an accident, or, at least, that it was not of criminal design. In a prosecution for arson, as in other criminal cases, it is incumbent on the state to prove the *corpus delicti,* and it is now recognized as the universal rule in the law of arson that in order to establish the *corpus delicti* it is not only necessary that the state prove the burning of the building (or property) in question, but the evidence must also disclose that it was burned by the willful act of some person criminally responsible for his acts, and not by natural or accidental causes." (Citing Corpus Juris Secondum, par. 29, 746, 16 Corpus Juris, par. 1514, pp. 735, 736, 737.)

There was no substantial evidence to connect appellant with the burning of this barn, and there was no evidence which showed that the barn was willfully set on fire by anyone.

We have concluded that the evidence in this case does not sustain the verdict of guilty, and the judgment is reversed and the cause is remanded for a new trial.