WILLIAM HARMS, PLAINTIFF IN ERROR, V. STATE OF NEBRASKA, DEFENDANT IN ERROR.

25 N. W. 2d 287

FILED DECEMBER 27, 1946. No. 32156.

*Lloyd E. Peterson* and *Betty Jean Peterson,* for plaintiff in error.

*Walter R. Johnson, Attorney General,* and *Edwin A. Jones,* for defendant in error.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ., and ANKENY, District Judge.

SIMMONS, C. J.

Defendant was charged by information, in two counts, that he did "unlawfully, willfully, maliciously, and feloniously set fire to and burn a certain dwelling house"; and being the owner of certain household goods, insured against loss by fire, did "willfully, maliciously and feloniously set fire to and did burn said personal property with the intent * * * to injure, defraud, and prejudice" the insurer. The informations were apparently based upon the provisions of sections 28-504.01 and 28-504.05, R. S. 1943. Defendant was tried, found guilty on both counts, and sentenced. He presents the cause here for review by petition in error. We reverse the judgment of the district court, and remand the cause with directions to dismiss it, and discharge the defendant.

At the close of the State's case in chief, defendant moved that the cause be taken from the consideration of the jury, and that defendant be discharged for the reason that the

evidence was insufficient to sustain a verdict, judgment, or sentence of guilty upon either or both counts. The motion was overruled. It was again renewed and overruled when the defense rested, and again when both parties rested. Defendant assigns the overruling of his several motions as error.

The State offered evidence that defendant and his family had been tenants of the property, a large three-story house in Dunbar, for some time; that in February 1946, a forcible entry and detention action had been brought resulting in a writ of restitution being issued; that it had not been executed, defendant having said he was searching for another house; that about that time defendant insured his personal property in the amount of $1,500; that defendant had stated that on April 2, 1946, his wife and three small children had been taken to Hebron for a visit; that thereafter defendant, who was employed at Nebraska City, lived in the house alone; that on the evening of April 4, 1946, he had been in the house in the evening and early night, left and went to his place of employment at Nebraska City, where he remained until the next morning. Some of the statements were contradictory. There also was evidence of a car having left the premises about 3:10 a. m. on April 5, 1946. The house was discovered to be afire about 3:30 a. m., on April 5, 1946. It was completely burned, together with all contents, save a washing machine.

A further statement of the State's evidence is not necessary because of one controlling fact. There is no evidence, either direct or circumstantial, that the fire was of incendiary origin, or using the language of the information and statute, that anyone set fire to the property.

To sustain a conviction for a crime the corpus delicti must be proved beyond a reasonable doubt. Maher v. State, 144 Neb. 463, 13 N. W. 2d 641. The corpus delicti in an arson case consists of two elements, the burning of the property and the criminal act of someone in causing the burning. In order to establish the corpus delicti in an arson case, it is necessary that the evidence disclose the burning

of the property as charged, and that the burning was caused by the willful act of some person criminally responsible. The mere fact that the property was burned and the origin of the fire unknown is not evidence that it was feloniously set. The presumption is that the fire was not of criminal origin. Evidence of motive alone is not sufficient to sustain a conviction. 6 C. J. S., Arson, § 29 (b), p. 750; 4 Am. Jur., Arson, § 42, p. 104, and § 55 pp. 109, 110; State v. Cristani, 192 Iowa 615, 185 N. W. 111; State v. Whisler, 231 Iowa 1216, 3 N. W. 2d 525; People v. Lewis, 275 N. Y. 33, 9 N. E. 2d 765; Williams v. State, 90 Ind. App. 667, 169 N. E. 698; State v. Brown, 103 S. C. 437, 88 S. E. 21; State v. Blocker, 205 S. C. 303, 31 S. E. 2d 908; Hancock v. State, 204 Ark. 174, 161 S. W. 2d 198; State v. Lizotte, 109 Vt. 378, 197 A. 396; Stine v. Commonwealth, 162 Va. 856, 174 S. E. 758; State v. Wenger, 47 Wyo. 401, 38 P. 2d 339; Rogers v. State, 57 Okl. Cr. 294, 48 P. 2d 344; State v. Pfeuller, 167 Wash. 485, 9 P. 2d 785; People v. Lee, 231 Mich. 607, 204 N. W. 742.

The trial court erred in not sustaining defendant's motion made at the close of the State's case in chief.

The judgment of the district court is reversed and the cause remanded with directions to dismiss the cause and discharge the defendant.

REVERSED AND REMANDED.