STATE OF NEBRASKA, APPELLEE, V. HAROLD WILLIAM ADELS, APPELLANT.

186 N. W. 2d 908

Filed May 14, 1971. No. 37784.

Robert M. Harris, for appellant.

Clarence A. H. Meyer, Attorney General, and James J. Duggan, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

WHITE, C. J.

This is a criminal prosecution for third offense drunk driving. The defendant appellant challenges the competence of the State's witnesses to express an opinion as to intoxication, the failure to endorse on the information the names of the witnesses who testified as to his prior convictions in drunk driving, and the sufficiency of the evidence to convict the defendant. On review we affirm the judgment and sentence of the district court.

Only the background facts necessary for an understanding of the issues in this case will be recited in this opinion. In the early evening of November 29, 1969, the defendant was returning a borrowed International pickup truck to the Great Western Sugar factory in Gering, Nebraska. He was followed from the south edge of Scottsbluff, Nebraska, to Gering, Nebraska, by state trooper Marvin Jenson where he was arrested for drunken driving. The arrest took place at approximately 7:15 p.m. Adels, 33 years of age, divorced, had finished his regular shift at the Great Western Sugar factory in Gering about 4 p.m. When he completed his shift he and some friends went to his apartment and consumed alcoholic liquor. Adels testified that during this whole period of time he had only two cans of Budweiser beer. He testified that he had no other beer or no hard liquor. He testified that he used the truck to take his clothing and personal effects to a new apartment. In any event, immediately prior to 7:15 p.m. he left the apartment to

return the pickup truck to the sugar factory in Gering. He testified generally that lime in the room in which he worked at the sugar factory caused his eyes to be sore and red for a long period of time and also that many years before he had suffered a crushed ankle and the leg impediment was still bothering him. He also testified that he had trouble with the pickup on returning it because of the gear shift. The defendant's contention in this case is that the officers who testified as to intoxication had no proper foundation for their opinion. This contention, fairly stated in the context of this case, is that the officers failed to testify as to many factors which could have supported a conclusion of drunkenness, and they failed to negative many items in the defendant's conduct which would furnish a foundation for a conclusion as to intoxication. For example, the defendant contends that the officers should have testified as to any other physical defects besides a pale face and bloodshot eyes which would indicate intoxication, and the failure of the officers to testify whether Adels was talkative, profane, hilarious, sleepy, or bellicose. He contends that in order to establish a foundation for the conclusion of intoxication the officers should have testified as to whether he stuttered when talking, whether his speech was slurred, and whether his conversation was responsive to questions, nonsensical, or disorganized; whether the defendant had difficulty in writing; whether his pupils reacted to strong light; and whether his clothing was untidy, soiled, or disarranged, etc. No authority is cited or are we aware of any that requires an affirmative showing by the State covering each one of these issues and the many others recited by the defendant in order to establish a foundation for intoxication. We go to the record to discover the evidence that was introduced which was the basis of the opinion conclusion of the trooper that the defendant was intoxicated at the time of the arrest. Trooper Marvin Jenson testified that the defendant's motor ve-

hicle was weaving and crossing the centerline on the bypass near the south edge of Scottsbluff. He testified that the vehicle turned south on State Highway No. 71 and that after he turned on his red light the defendant finally stopped some 2 or 3 miles down the road. During this period of 2 or 3 miles, the defendant continued to weave back and forth and over onto the shoulder of the median that divides the driving lanes on the highway. Jenson testified that he was fearful of causing a wreck if he pulled up alongside the defendant's pickup truck. After both cars were finally stopped, as the defendant got out of his car he staggered. He had a strong odor of liquor about him. At that time, the trooper asked him to perform some balance tests and he weaved and staggered when trying to perform them. He then was placed under arrest for drunk driving and taken to the county sheriff's office. In the sheriff's office in the observation of Jenson, the defendant staggered when he was asked to walk the line, nearly fell on a balance test, his face was pale, and his eyes were bloodshot. Based on these observations and 4 years' experience as a highway patrolman, the trooper testified he was of the opinion that the defendant was intoxicated or drunk.

It is obvious, without a further recital of the details of the trooper's testimony, that the foundation was sufficient for a conclusion that the defendant was intoxicated. A nonexpert witness may testify from his observations as to whether or not another is intoxicated and the weight and sufficiency of this evidence is for a jury to decide. State v. Lewis, 177 Neb. 173, 128 N. W. 2d 610; Lemmon v. State, 173 Neb. 387, 113 N. W. 2d 525; Pribyl v. State, 165 Neb. 691, 87 N. W. 2d 201. The foundation for the other officer's testimony was sufficient for the same reasons we have recited herein as to Jenson's. There is no merit to this contention.

We turn now to the last two assignments of error which relate to the hearing required by the statute, after a conviction of drunken driving, to determine the prior

convictions necessary to authorize the court to sentence under the statute for third offense drunken driving, which is a felony. This contention is that the names of witnesses who were testifying as to the identification of the defendant on prior drunk driving convictions were not endorsed upon the information. Section 29-1602, R. R. S. 1943, requires the prosecuting attorney in a criminal prosecution to endorse on the information the names of all witnesses known to him. The names of the two witnesses who established the prior convictions on drunken driving were not endorsed on the information. The difficulty with defendant's position is that no objection was made that their names were not endorsed on the information. We observe further than at no time did the defendant ask for a continuance of the cause, nor does he now suggest that he was not, in fact, previously convicted as the evidence from the lips of these two witnesses established. Nor at any time in the hearing did he deny that he was the same person convicted of the offenses shown in exhibits 1 and 2 in the record, or that sheriff Bradt and trooper Guzman, the arresting officers, were not in fact the ones who arrested him and identified him. The question involved in this type of an attack upon a conviction is whether the failure to endorse the names of the witnesses was prejudicial error. Waite v. State, 169 Neb. 113, 98 N. W. 2d 688. A similar contention was made in the recent case of Nicholson v. Sigler, 183 Neb. 24, 157 N. W. 2d 872, cert. den. 393 U. S. 876, 89 S. Ct. 174, 21 L. Ed. 2d 148. We held in disposing of a substantially similar contention with reference to the failure to endorse on the information the names of the complaining witnesses as follows: "Section 29-1602, R. R. S. 1943, does require the endorsement of the names of witnesses on an information, and the failure in a contested case to endorse those known at the time the information is filed is error, but not necessarily prejudicial error. Even if appellants had not pled guilty herein and had gone to trial on the present

information, the description in the informations, in the absence of motions, would have been sufficient. See Waite v. State, 169 Neb. 113, 98 N. W. 2d 688." There is no merit to this contention of the defendant.

The defendant also asserts that the evidence was insufficient to show the prior convictions of the defendant for drunken driving. We have reviewed the evidence in this respect. The defendant again does not question the authenticity of the certificates of the prior convictions from the county court of Kimball County as shown in exhibits 1 and 2. The defendant was positively identified in court, by the two officers who had actually arrested him, as being the same person who had been convicted and sentenced in proceedings in Kimball County. We can find no merit in this contention of the defendant.

The record is free from prejudicial error, and the judgment and sentence of the district court are correct and are affirmed.

AFFIRMED.