STATE OF NEBRASKA, APPELLEE, v. RICHARD V. KEITH, APPELLANT.

203 N. W. 2d 500

Filed January 19, 1973. No. 38568.

Frank B. Morrison, Sr., and Stanley A. Krieger, for appellant.

Clarence A. H. Meyer, Attorney General, and Harold S. Salter, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

NEWTON, J.

The defendant was convicted of burglary. All assignments of error are based on the admission of evidence in rebuttal pertaining to checks made for fingerprints.

We affirm the judgment of the district court.

On direct examination, the prosecution did not in-troduce any evidence regarding fingerprints or attempts made to lift fingerprints at the scene of the crime. It was brought out on cross-examination of prosecution witnesses that the premises burglarized had been ex-amined for fingerprints. There was no testimony on this subject by defense witnesses, but, in rebuttal, the State introduced evidence regarding the lifting of finger-prints at the scene of the crime, their subsequent exam-ination, and the conclusion of experts that due to smudging and overlaying, it was impossible to deter-mine whether they were or were not prints of the de-fendant. The names of two of these witnesses had not been endorsed on the information.

It would appear that the prosecution had knowledge of the reference to fingerprints in ample time to have introduced this evidence in its case-in-chief. It does not appear to be proper rebuttal evidence. We recog-nize, however, that the trial court may in its discretion permit the introduction of evidence in rebuttal that is not strictly rebuttal evidence. See, § 29-2016 (4), R. R. S. 1943; State v. Howard, 184 Neb. 461, 168 N. W. 2d 370.

Section 29-1602, R. R. S. 1943, requires the endorse-ment on the information of the names of witnesses for the State, other than rebuttal witnesses. The purpose is to inform the defendant of the names of persons who will testify against him and give him an opportunity to investigate regarding their background and pertinent knowledge. If the testimony of unendorsed witnesses is not damaging to the defendant, there can be no prej-udice. In the present instance, the testimony objected to did not in any manner tend to show defendant's guilt. On the contrary, it indicated that no evidence of his guilt could be adduced by reason of fingerprints. Such evidence is essentially immaterial and neither harmful nor beneficial to either party. The failure to

endorse on the information the names of witnesses called by the State is not grounds for a reversal of conviction in the absence of prejudice. See, Waite v. State, 169 Neb. 113, 98 N. W. 2d 688; State v. Adels, 186 Neb. 849, 186 N. W. 2d 908.

No reversible error appearing, the judgment of the district court is affirmed.

AFFIRMED.