STATE OF NEBRASKA, APPELLEE, v. THOMAS TERRY TURNER,
APPELLANT.

207 N. W. 2d 382

Filed May 18, 1973. No. 38799.

William J. Riedmann, for appellant.

Clarence A. H. Meyer, Attorney General, and Bernard
L. Packett, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH,
McCOWN, NEWTON, and CLINTON, JJ.

SPENCER, J.

Defendant, Thomas Terry Turner, prosecutes this appeal from a conviction of robbery. He alleges five assignments of error: (1) Insufficiency of the evidence; (2) admission into evidence of a $10 bill found on defendant; (3) identification of defendant from certain photographs in a manner prejudicial to defendant's constitutional right of due process; (4) lack of probable cause to arrest defendant and to search his vehicle; and (5) the sustaining of the State's motion for a con-

solidation of defendant's trial with that of defendant Bazer. We affirm.

The facts are essentially as follows: One Bahm stopped at the home of his companion, Kurbis, to let him out about 2:15 a.m., February 15, 1972. An automobile, which had been following the Bahm car, stopped and a man with a rifle got out of that car. He demanded that Bahm roll down his window. He then directed Bahm and Kurbis to hand over their wallets. Both parties identified the defendant Turner as the individual who held the rifle. Bahm handed his wallet to Turner. It contained $2. Kurbis surrendered his wallet to the man with the rifle. It contained a $10 bill.

After the robbers drove away, Bahm and Kurbis sought a police officer. They reported the incident to the officer about 2:20 a.m. They described the robber's vehicle as being light colored, probably a Pontiac, with the right side toward the back damaged or bashed in. One headlight was on high beam, the other on low beam. The car had no taillights. The possible license number was given as 1-L400.

The police broadcast a description of the individuals and the automobile, which they described as a silver-blue or a silver-grey Pontiac. Between 2:40 and 3 a.m., officer Hansen stopped a turquoise-colored Plymouth, with license No. 1-L488. The suspect vehicle had one low beam headlight out, and there was moderate damage to the rear of the vehicle. The occupants, Turner and Bazer, were apprehended. Bazer was driving. A .22-caliber rifle was in the front seat of the car, as well as a police-type billy club and a flashlight. Bahm and Kurbis identified the vehicle as the one involved. They were taken to see it while they were on the way to the police station.

Turner was searched during the booking procedure, and the officer found a $10 bill in his front pocket. This $10 bill was received into evidence over objection. There was no showing that the money was not the personal

property of Turner. Turner's mother testified that he was at home from 1:10 a.m. until 2:30 a.m. on the morning of the robbery. The time of the robbery was approximately 2:15 a.m.

The appeal of defendant's codefendant, Raymond E. Bazer, was decided March 2, 1973. State v. Bazer, 189 Neb. 711, 204 N. W. 2d 799. Defendant's first and fifth assignments of error were covered in the Bazer opinion. In Bazer we held the consolidation was proper, and that the evidence was sufficient to find Bazer guilty beyond a reasonable doubt.

At the close of the evidence, defendant moved for a directed verdict. It was properly overruled. The evidence adduced was sufficient to require the submission of the case to the jury. As we said in Sherrick v. State (1953), 157 Neb. 623, 61 N. W. 2d 358: "It is only where there is a total failure of competent proof in a criminal case to support a material allegation in the information, or where the testimony adduced is of so weak or doubtful a character that a conviction based thereon could not be sustained, that the trial court will be justified in directing a verdict of not guilty."

We held in State v. Clark (1972), 189 Neb. 109, 201 N. W. 2d 205: "There is no constitutional right to a separate trial. Rather, the right is statutory in origin and depends upon a showing that prejudice will result from a joint trial." Defendants were represented by separate counsel. Much of the evidence in the case related to Turner alone. Our holding in State v. Bazer, *supra*, determined that there was no abuse of discretion in sustaining the State's motion for consolidation.

Turner, in his second assignment, contends it was error for the court to admit into evidence a $10 bill found on him at the time of his arrest. The bill was not identified as being the specific one taken in the robbery. However, the defendant was identified as the individual who had taken a $10 bill. A $10 bill was found loose in his pocket when he was apprehended

soon after the robbery. Also, the weapon used in the robbery was found beside him when he was apprehended. The bill was a link in the chain of evidence, but not a necessary one. While its admissibility is a close question, on the record herein we do not believe the trial judge abused his discretion in its admittance.

Turner argues that the identification by the two victims should have been excluded because the methods of such identification were violative of and a denial of his right to due process of law. Kurbis, on redirect examination, testified that he had been shown five photographs at the police station for identification purposes. He readily recognized one of them, which was of a tall individual with a beard. None of the other photographs were of bearded individuals. Bahm testified that the photograph he saw showed three individuals, only one of whom had long hair and a beard. He identified the bearded individual as the one who held the gun on them.

The record indicates that on at least two occasions, once at a hearing on a motion to suppress evidence, and once during the trial, Kurbis identified Turner as one of the persons who robbed him. On neither occasion did defendant object to the identification. His motion to strike was not made until the conclusion of Kurbis' testimony. On three occasions, once during the hearing on motion to suppress evidence, and twice during the trial, Bahm identified Turner as being the person who approached their car with the rifle. None of Bahm's identifications were objected to, and there was no motion to strike them.

In State v. Cannon (1970), 185 Neb. 149, 174 N. W. 2d 181, we held: "When evidence of an in-court identification alleged to be tainted by a prior illegal line-up is first challenged on appeal, such challenge, in the absence of a clear showing of prejudicial error, will not be considered. Failure to object will be attributed to defense counsel's choice of trial tactics."

Even if we were to find the identification of defendant by Kurbis to be erroneous, it could hardly be said that it would be prejudicial. Bahm's identification was admitted without question. There was no motion to suppress, no objection at the time of identification at the trial, no motion to strike. Further, Kurbis' identification was not brought to the court's attention in defendant's motion for a new trial. On the record herein, Kurbis' identification could not be held to be prejudicial.

Defendant's fourth assignment of error is premised on his contention that the arresting officer had no probable cause to make an arrest, and consequently the subsequent search violated his constitutional rights. The State neglected to argue this assignment. However, it is without merit.

A description of the robbers and their vehicle was broadcast over the police radio within 5 minutes after the occurrence. Officer Hansen stopped a car, containing two occupants, which substantially fit the description. It is true the vehicle was a turquoise 1965 Plymouth rather than a silver-blue or silver-grey Pontiac, and the license number was 1-L488 rather than 1-L400. We note, however, that the robbery occurred after 2 o'clock in the morning. At that hour, it is not too difficult to mistake two figure "8s" for two zeros. The stopped vehicle had one low beam headlight out, and there was moderate damage to the rear of the vehicle. Officer Hansen testified that one of the descriptions definitely included a man with a beard, and that the two individuals were in their late teens or early twenties. Defendant was bearded and 22 years of age. There were sufficient similarities to suggest to a reasonably prudent officer that an investigation was in order.

Officer Hansen called for assistance. The occupants were not ordered out of the car until assistance arrived. At that time, a butt of a rifle was observed protruding between the seats on the driver's side, the butt up.

There was probable cause to stop the automobile and probable cause for the arrest of the occupants. See State v. Huffman (1967), 181 Neb. 356, 148 N. W. 2d 321.

For the reasons stated, we find no merit in any of defendant's assignments of error. The judgment is affirmed.

AFFIRMED.