STATE OF NEBRASKA, APPELLEE, v. WILLIAM RALPH WEBB, APPELLANT.

250 N. W. 2d 625

Filed February 16, 1977. No. 40761.

Frank B. Morrison and Stanley A. Krieger, for appellant.

Paul L. Douglas, Attorney General, and Bernard L. Packett, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

CLINTON, J.

The defendant was found guilty by a jury of the crime of grand larceny, which, by statutory definition, is the theft of property of the value of $300 or upwards. § 28-506, R. R. S. 1943. Defendant was sentenced to a term of 18 months to 6 years in the Nebraska Penal and Correctional Complex. On appeal to this court he asserts the evidence is insufficient to sustain the jury finding. We affirm.

The specific argument is that the evidence is insufficient to have permitted the jury to find that the value of the property stolen was upwards of $300.

A brief summary of the pertinent evidence is as follows. On the day of the crime the defendant and four companions drove to the Crossroads Shopping Center in the car of one Berry with the intention of "ripping off" a store. While Berry parked the car and waited, the defendant and two of the others got out of the car and in a few minutes returned to the car with an armload of leather and vinyl coats.

A clerk in Natelson's, Inc., heard someone say, " 'There they go,' " and turned to observe two men, arms loaded with coats, departing just a few steps outside the door of the store. She also noted that a rack of coats near the door had been partially emptied. Coats on the rack were of two general types, leather and vinyl.

On the night before the theft the manager of the store had loaded the rack in the course of rearranging merchandise. He testified that about ½ to 1 hour before the theft he observed that the rack was full of coats. Immediately after the theft there was an empty 2-foot space on the rack at the end nearest the door. He estimated that about a dozen coats were missing. He testified, although not positively, that the missing coats were leather. The value of the leather coats was $59.90 each and the vinyl coats $30 to $35 each. The clerk testified that the price tag on the vinyl coats was

$29.90. On cross-examination the manager testified that sometimes customers try on coats and do not return them to the proper place and that if this had occurred his estimate of the number of missing coats might be wrong.

Berry, the owner of the car, testified for the State. He was present when the loot was divided and he stated that 14 or 15 coats were taken, some leather and some vinyl. He received four or five coats, one of which was leather. The remaining coats were divided among three other participants.

The jury was instructed on the elements of the crime, including the element of value in excess of $300, and that such elements must be proved beyond a reasonable doubt. The jury returned a finding of value substantially in excess of $300.

It is apparent that the witness who was in the best position to testify on the number of coats was the accomplice Berry. Even if all the coats had been vinyl, the evidence was sufficient to support a finding of a value in excess of $300. It was for the jury to determine whether or not they believed Berry's testimony. It is only where there is a total failure of competent proof in a criminal case to support a material allegation in the information, or where the testimony adduced is of so weak or doubtful a character that a conviction based thereon could not be sustained, that the trial court will be justified in directing a verdict of not guilty. State v. Turner, 190 Neb. 261, 207 N. W. 2d 382.

AFFIRMED.