STATE OF NEBRASKA, APPELLEE, V. DEAN HOHNSTEIN, APPELLANT.

328 N.W.2d 777

Filed January 7, 1983. No. 82-225.

George A. Sommer, for appellant.

Paul L. Douglas, Attorney General, and Frank J. Hutfless, for appellee.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

BOSLAUGH, J.

The defendant was convicted of attempted arson in the first degree and sentenced to imprisonment for 3 to 5 years. He has appealed and assigns as error the sufficiency of the evidence to sustain the conviction, the giving of an instruction on attempted arson, and that the sentence was excessive.

On June 17, 1981, the defendant was a prisoner in the Scotts Bluff County jail, serving terms of imprisonment for the sale of marijuana and forgery. On that date the prisoners in the area in which the defendant was housed became discontented with various aspects of the way the jail was being operated. The defendant suggested the inmates flood the area by stopping up the toilets. This was done until water covered much of the floor. The inmates then began throwing lighted matches at a magazine, which caught on fire. The defendant threw matches at the magazine, and also threw a book and a pair of men's undershorts on the resulting fire in the walkway between the cells. After a jailer extinguished the first fire, some of the prisoners started a second fire. The defendant did not participate in the second fire.

As a result of the fires, the area was smoke-filled, and the paint on one of the bars was scorched. The damage to the structure of the jail was slight. The jail supervisor testified that he believed the smoke presented a risk of carbon monoxide poisoning.

The information charged the defendant with first degree arson by "intentionally damag[ing] a build-

ing by starting a fire or causing an explosion, when another person was present in the building at the time and he knew that fact." The defendant relies upon the common-law concept of arson and argues that proof was required that some part of the building was ignited. He also argues that an intent to burn can not be demonstrated when the building is nonflammable.

Neb. Rev. Stat. § 28-502 (Reissue 1979) provides: "(1) A person commits arson in the first degree if he intentionally damages a building by starting a fire or causing an explosion, when another person is present in the building at the time and either (a) the actor knows that fact, or (b) the circumstances are such as to render the presence of a person therein a reasonable probability.

"(2) Arson in the first degree is a Class II felony."

The defendant's argument finds no support in the statute. Section 28-502 requires only damage to a building as a result of a fire ignited when another person is present in the building. It is clear from the evidence that the fire damaged the building and the defendant intended such a result.

Similar conclusions have been reached by other courts in interpreting comparable statutes. In *Romo v. State,* 593 S.W.2d 690 (Tex. Crim. App. 1980), prisoners were involved in setting a fire in a jail in much the same manner as in the present case. In assailing his conviction for arson, the defendant argued that intent to commit arson could not be found when the building was nonflammable. In rejecting this contention, the court said: "Appellant places great emphasis on the fact that the building was constructed of nonflammable materials. He argues that intent to damage or destroy cannot be inferred unless the building is made of flammable materials. Appellant overlooks the fact that the statute reads *'damage* or destroy' [Emphasis added]. Material need not be combustible to be

damaged by fire. A fire may produce scorching and smoke damage without igniting the surrounding materials. Furthermore, the Legislature removed the requirement under prior law that the building be ignited in fact." *Id.* at 693.

In *Smith v. State,* 140 Ga. App. 200, 230 S.E.2d 350 (1976), a defendant appealed his conviction for first degree arson. He raised an argument similar to that raised in the case at bar. In affirming the conviction the court stated: "It was shown at the trial that the only damage to the building was heavy smoke damage which required special machinery to remove it from the building. The jail itself was not charred or burned. Code § 26-1401 provides in part that 'A person commits arson in the first degree when, by means of fire or explosive, he knowingly damages: . . .' The phrase 'knowingly damages' is not further defined by the statute. It is defendant's contention that this requires proof of charring or burning of the building itself. We do not agree. The verb 'damages' is an ordinary word and when it is used in a statute it must be given its ordinary signification. Code § 102-102(1). Webster defines 'damage' as 'To hurt; impair.' Thus, causing smoke damage to the jail building falls within this definition and constitutes arson in the first degree if the other elements of the crime are present."

The defendant relies on *Harms v. State,* 147 Neb. 857, 25 N.W.2d 287 (1946), and *State v. Keeton,* 199 Neb. 405, 259 N.W.2d 277 (1977). At the time the *Harms* case was decided, a statute was in force, Neb. Rev. Stat. § 28-504.01 (1943), which required the ignition of a building as an element of first degree arson. The statute involved in *State v. Keeton, supra,* contained a similar requirement. See Neb. Rev. Stat. § 28-504.01 (Reissue 1975). These cases are not controlling here.

The evidence in this case on each element of the crime was sufficient for the jury to find the defendant guilty beyond a reasonable doubt. As stated in

*Matter of Appeal in Pima Cty. Juv. Act No. J-37390-1,* 116 Ariz. 519, 522, 570 P.2d 206, 209 (1977): "An intent or animus against the property itself or its owner is not an element of common law arson." The State also proved beyond a reasonable doubt that damage resulted to the building, that others were present in the building, and that defendant acted to start a fire.

In this case defendant was convicted of attempted arson. The statute dealing with criminal attempt provides: "(1) A person shall be guilty of an attempt to commit a crime if he:

"(a) Intentionally engages in conduct which would constitute the crime if the attendant circumstances were as he believes them to be; or

"(b) Intentionally engages in conduct which, under the circumstances as he believes them to be, constitutes a substantial step in a course of conduct intended to culminate in his commission of the crime.

"(2) When causing a particular result is an element of the crime, a person shall be guilty of an attempt to commit the crime if, acting with the state of mind required to establish liability with respect to the attendant circumstances specified in the definition of the crime, he intentionally engages in conduct which is a substantial step in a course of conduct intended or known to cause such a result.

"(3) Conduct shall not be considered a substantial step under this section unless it is strongly corroborative of the defendant's criminal intent." Neb. Rev. Stat. § 28-201 (Reissue 1979).

The evidence established that the defendant took more than a substantial step toward the completion of the attempted crime. This was sufficient evidence to sustain the verdict. See *State v. Sodders,* 208 Neb. 504, 304 N.W.2d 62 (1981). See, also, *State v. Gallegos,* 193 Neb. 651, 654, 228 N.W.2d 615, 617 (1975), wherein this court stated that "In every case where an attempt is charged, proof of the actual

commission of the offense establishes the attempt."

The defendant argues that the instructions were erroneous because they failed to inform the jury that arson and attempted arson require a burning of the building. As stated above, this is not the law in Nebraska at this time. The jury was properly instructed as to the elements of arson and attempted arson.

Defendant's final assignment of error is that the sentence is excessive. A sentence within the statutory limits will not be disturbed on appeal in the absence of evidence showing an abuse of discretion by the trial court. *State v. McNichols,* 210 Neb. 875, 317 N.W.2d 95 (1982). Attempted arson in the first degree is a Class III felony, the maximum penalty for which is 20 years' imprisonment, $25,000 fine, or both. See Neb. Rev. Stat. §§ 28-105, 28-201, 28-502 (Reissue 1979).

The defendant is 20 years of age. His juvenile record commenced in 1976.. He was serving separate 6-month sentences for forgery and delivery of a controlled substance at the time of the commission of this crime.

Although the damage to the building was slight, any fire in a confined area, particularly a prison, poses a serious risk to the safety of others. The sentence was not excessive. The judgment is affirmed.

AFFIRMED.