STATE OF NEBRASKA, APPELLEE, v. LARRY A. WORKMAN, APPELLANT.

329 N.W.2d 571

Filed February 4, 1983.   No. 82-345.

Raymond P. Atwood, Jr., of The Healey Law Offices, for appellant.

Paul L. Douglas, Attorney General, and Mel Kammerlohr, for appellee.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

KRIVOSHA, C.J.

The appellant, Larry A. Workman, was found guilty of arson in the second degree in violation of Neb. Rev. Stat. § 28-503(1) (Reissue 1979). He appeals from that order, maintaining that the trial court should have sustained his motion to dismiss, made both at the close of the State's case and again at the close of all the evidence, for the reason that the evidence introduced at the trial was, as a matter of law, insufficient to submit the case to the jury. We have carefully reviewed the record and agree with Workman. For that reason the judgment entered by the trial court, based upon the jury's verdict, is reversed and the action dismissed.

On August 20, 1981, at approximately 3:30 a.m., the Tecumseh Fire Department was called to a fire at 531 Calhoun Street in the city of Tecumseh, Nebraska. An unoccupied residence owned by Workman's brother, LeRoy Workman, was on fire. Further investigation disclosed that the fire originated in a small bathroom closet located near the rear of the house. Authorities were unable to testify as to the source of the ignition of the fire, though there was some belief that the fire was set. In the opinion of a member of the State Fire Marshal's office, the fire was caused by a flammable accelerant present on the floor of the closet area located adjacent to the bathroom. He held to this opinion even though laboratory tests conducted on the debris for accelerants were negative. No one was able to place Workman anywhere near the scene of the fire. However, a member of the Tecumseh Police Department, Patrolman Thomas Sherman, testified that prior to the fire, at about 2:21 a.m., from a distance of 10 or 15 feet, he observed a vehicle 300 or 400 feet from the

residence, bearing license number 48-R198 and registered to Larry Workman. While the State was able to establish that the license plate was issued to Workman, it was unable to establish that Workman owned the vehicle upon which Sherman saw the license plate. Officer Sherman testified that when he observed the vehicle in Tecumseh there were two subjects in the vehicle, but he was not able to observe or identify either person. Officer Sherman further testified that he followed the vehicle out of Tecumseh and that there was no doubt in his mind that the vehicle was dark in color. The evidence established that Workman's vehicle found in Elmwood was light in color. Other than Officer Sherman's testimony as to the presence of Workman's license plate number on a vehicle seen in Tecumseh more than an hour before the fire, there was no other testimony placing Workman at or near the scene of the fire, or at or near Tecumseh. The following morning a member of the State Fire Marshal's office went to Elmwood, Nebraska, where he located the owners of the property. Upon arrival in Elmwood, he saw a vehicle bearing the license number earlier identified by the patrolman. Workman later gave a statement to authorities admitting that he owned the car bearing the license number 48-R198, but claiming that he had not been in Tecumseh for a year and that he had gone to bed at his brother's home in Elmwood at approximately 11 p.m. on the night of the fire.

The evidence offered by the State was, at best, circumstantial. It is true that one accused of a crime may be convicted on the basis of circumstantial evidence if, taken as a whole, the evidence established guilt beyond a reasonable doubt. *State v. Bartholomew,* 212 Neb. 270, 322 N.W.2d 432 (1982). In the case of *State v. Buchanan,* 210 Neb. 20, 28, 312 N.W.2d 684, 689 (1981), we said: "One accused of a crime may be convicted on the basis of circumstantial evidence if, taken as a whole, the evidence es-

tablishes guilt beyond a reasonable doubt. The State is not required to disprove every hypothesis but that of guilt. [Citations omitted.]''

Accepting our statement in *State v. Buchanan,* we believe the evidence in this case is not sufficient to have permitted the jury to find guilt beyond a reasonable doubt. As we noted in *Harms v. State,* 147 Neb. 857, 859, 25 N.W.2d 287, 288 (1946): ''To sustain a conviction for a crime the corpus delicti must be proved beyond a reasonable doubt. Maher v. State, 144 Neb. 463, 13 N.W.2d 641.'' In *State v. Keeton,* 199 Neb. 405, 409, 259 N.W.2d 277, 280 (1977), we held: '' 'The corpus delicti in an arson case consists of two elements, the burning of the property and the criminal act of someone in causing the burning.

'' 'In order to establish the corpus delicti in an arson case, it is necessary that the evidence disclose the burning of the property as charged, and that the burning was caused by the willful act of some person criminally responsible.' '' The mere fact that the property was burned and the origin of the fire unknown is not evidence that it was feloniously set. The presumption is that the fire was not of criminal origin. Evidence of motive alone is not sufficient to sustain a conviction. *Harms v. State, supra.* In the instant case the record not only fails to disclose that the fire was feloniously set but, moreover, fails in any manner to reasonably connect the setting of the fire with Workman. The officer's testimony that more than an hour before the fire he saw Workman's auto plates on a car not owned by Workman, with nothing more, does not constitute sufficient evidence to establish guilt beyond a reasonable doubt. In the instant case the testimony linking Workman to the fire was of so weak or doubtful a character that a conviction based thereon could not have been sustained. The trial court should have sustained the motion for a directed verdict made at the close of the State's case. See *State v. Webb,* 197 Neb. 662, 250 N.W.2d 625 (1977). Having failed to do so, we

reverse the decision of the trial court and order that the action be dismissed.

REVERSED AND DISMISSED.

CLINTON, J., not participating.