STATE OF NEBRASKA, APPELLEE, V. WESLEY A. ELLIS, APPELLANT.
393 N.W.2d 719

Filed October 3, 1986.   No. 86-006.

Maurice A. Green of Burger, Bennett & Green, P.C., for appellant.

Robert M. Spire, Attorney General, and Dale D. Brodkey, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

BOSLAUGH, J.

After trial to the court the defendant was convicted of second degree arson and sentenced to imprisonment for 1 to 3 years. He has appealed and contends that the trial court erred in allowing the State to endorse the names of additional witnesses on the information after the trial had begun, that the evidence is not sufficient to sustain the finding of guilty, and that the sentence imposed is excessive.

The defendant was charged with starting a fire in a storage building at the Chief Motel in McCook, Nebraska, on May 19, 1984. The damage resulting from the fire was nearly $63,000. The defendant had been employed at the motel for more than 4 years as a maintenance man. Approximately 1 week before the fire, he was discharged after guests at the motel had complained of indecent exposure by the defendant.

Peggy Calvin, an employee of the motel and the daughter of the owners, testified that she saw the defendant at the west door of a building about 50 yards west of the warehouse just before

the fire. She saw him look around, move to the north of the building, and then look to the warehouse. The defendant did not have permission to enter the grounds or any of the motel buildings after he had been discharged.

The defendant was questioned by the police on two separate occasions regarding his presence on the motel property. The first time, he denied being on the premises that day. He also stated that he did not smoke and that the matchbook found in his pocket, from which three matches were missing, was carried for the use of other people. The next day, when questioned again, the defendant admitted that he had been at the motel on the previous day at 1:30 p.m. He said he had gone there to retrieve some personal property, found the warehouse locked and no one around, so he went home.

Central issues at the trial were the cause of the fire and the defendant's motive and access to the warehouse. The State argued that the defendant had a motive because of his recent discharge and had access because during the course of his employment he had keys to all of the buildings and had access to a key-making machine. The defendant argues that evidence of motive alone is insufficient because there was no direct proof that he actually had keys to the warehouse or was inside it on the day of the fire.

The evidence concerning the source of the fire was in sharp conflict. Miriam Berke, a deputy state fire marshal, testified that, in her opinion, the fire was the result of arson. Fire Chief Patrick Simpson also testified that, in his opinion, the fire was the result of arson and could not have been caused by natural causes. Both investigators noticed an unusual scent in the area where the fire started, which was reminiscent of paint thinner or ammonia, and the presence of a shiny substance. They both concluded the fire was started when someone poured a combustible liquid on materials in the area and ignited it with a match or lighter. The time of ignition was estimated to have been 1:25-1:30 p.m. on May 19, 1984.

An expert witness called by the defendant disputed the State's theories concerning the origin and source of the fire. Michael Auten, a forensic chemist, testified that he found no evidence of an accelerant in any samples taken from the

warehouse. However, he could not state that the tests he conducted would conclusively prove whether or not an accelerant was present at the fire. A second witness, Thomas Smith, testified that, in his opinion, the fire had started earlier than the State's estimate of 1:30 p.m. Upon cross-examination, however, he admitted that he had not personally examined the site, and if his assumptions concerning the type of wood and char depth were incorrect, then his estimate was incorrect.

The defendant relies on *State v. Workman*, 213 Neb. 479, 329 N.W.2d 571 (1983), and *State v. Keeton*, 199 Neb. 405, 259 N.W.2d 277 (1977). In *Workman* the State was unable to prove the fire was feloniously set and could not prove Workman was at the scene of the fire. Accordingly, we held the evidence was insufficient.

In *Keeton* a strong odor of gasoline was present during the fire. The defendant's car was seen in front of the house 20 minutes before the fire was discovered, and the defendant was seen walking from the house. A funnel and rubber hose were found in his car, and the presence of hydrocarbons was verified by chemical analysis. The conviction was affirmed.

In this case the defendant was seen near the warehouse shortly before the fire was discovered. Two investigators testified that an odor and residue indicating the presence of an accelerant were apparent immediately after the fire. Further, the investigators ruled out natural causes and formulated an opinion as to the cause of the fire. Therefore, *Workman* and *Keeton* are not on point with this case, and the trial court was correct in overruling defendant's motions to dismiss. Further, the trial court heard the testimony and evaluated its credibility in reaching the verdict. Neither *Workman* nor *Keeton* is controlling.

The evidence in this case was at least in part circumstantial. Circumstantial evidence is sufficient if the evidence and reasonable inferences that may be drawn from the evidence establish the defendant's guilt beyond a reasonable doubt. *State v. Buchanan*, 210 Neb. 20, 312 N.W.2d 684 (1981). See, also, *United States v. Nelson*, 419 F.2d 1237 (9th Cir. 1969). Circumstantial evidence is treated by a trier of fact in the same manner as direct evidence. *State v. Buchanan, supra*. It is not

inherently less probative than direct evidence and may be the sole evidence upon which a conviction is based.

> "[T]his court [will not] resolve conflicts in the evidence, pass on the credibility of witnesses, determine the plausibility of·explanations, or weigh the evidence. Such matters are for the trier of fact, and the verdict must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support it."

*State v. Rolling*, 209 Neb. 243, 248, 307 N.W.2d 123, 126 (1981) (citing *State v. Carter*, 205 Neb. 407, 288 N.W.2d 35 (1980)). See, also, *State v. Joy*, 220 Neb. 535, 371 N.W.2d 113 (1985).

The evidence of the State was sufficient, if believed, to establish the essential elements of arson: (1) the burning of property, (2) by a criminal act. *State v. Workman, supra; State v. Keeton, supra; Harms v. State*, 147 Neb. 857, 25 N.W.2d 287 (1946). There was evidence which placed the defendant at the scene of the fire, with a motive to commit arson. The trial court could conclude that the defendant had access and an opportunity to enter the warehouse at the time of the fire. The evidence was sufficient to sustain a finding of guilt beyond a reasonable doubt.

Under Neb. Rev. Stat. § 29-1602 (Reissue 1985), a trial court may, in its discretion, permit the names of additional witnesses to be endorsed after the information has been filed. The purpose of the statute is to notify the defendant as to witnesses who may testify against him and give him an opportunity to investigate them. *State v. Keith*, 189 Neb. 536, 203 N.W.2d 500 (1973). To obtain a reversal on the ground that the State failed to endorse a witness before trial, the defendant must show that he was prejudiced by the testimony of the additional witness. *Id*. See, also, *State v. Otey*, 205 Neb. 90, 287 N.W.2d 36 (1979), *cert. denied* 446 U.S. 988, 100 S. Ct. 2974, 64 L. Ed. 2d 846 (1980); *State v. Journey*, 201 Neb. 607, 271 N.W.2d 320 (1978). The essential question is whether the defendant was prejudiced in the preparation of his defense. *State v. Journey, supra.*

If the testimony of the witness was not damaging to the defendant, permitting the additional endorsement was not prejudicial. *State v. Keith, supra*. As a general rule, rebuttal witnesses need not be endorsed on the information. *State v.*

*Esluer,* 215 Neb. 616, 340 N.W.2d 152 (1983); *Ossenkop v. State,* 86 Neb. 539, 126 N.W. 72 (1910); *Clements v. State,* 80 Neb. 313, 114 N.W. 271 (1907). Further, to obtain a reversal the defendant must request a continuance and demonstrate prejudice. *McCartney v. State,* 129 Neb. 716, 262 N.W. 679 (1935).

The witnesses whose names were endorsed on the information after the trial had begun were Mike Allerton and S.I. Rasmussen. Allerton's testimony was limited and foundational in nature and described the security of the building after the fire. The defendant had been notified that Allerton would be called as a witness. The second witness, Rasmussen, testified solely as a rebuttal witness. His testimony concerned matters contained in a report, a copy of which had been sent to the defendant.

The record fails to show that the defendant was prejudiced by the endorsement of the additional witnesses. The trial court offered to continue the trial, but the defendant elected to proceed. Under these circumstances there was no prejudicial error.

The penalty for second degree arson, a Class III felony, is imprisonment for 1 to 20 years, a $25,000 fine, or both. Neb. Rev. Stat. §§ 28-503(1) and (3), and 28-105(1) (Reissue 1985). The sentence imposed was well within the statutory limits.

Arson is a serious crime and frequently involves a risk of serious harm or death. In this case there were no injuries, but the fire caused a substantial property loss. Under all of the circumstances, we believe the trial court did not abuse its discretion in sentencing the defendant to imprisonment for 1 to 3 years.

The judgment is affirmed.

AFFIRMED.